UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
At Charleston

**JACKSON A. GRISWOLD,**

      **Plaintiff,**

v.                                    Civil Action No.: 2:23-cv-00630

**CROUNSE CORPORATION,**
a Kentucky Corporation,

      **Defendant.**

## COMPLAINT

NOW COMES Plaintiff, Jackson A. Griswold ("Plaintiff"), by counsel, Scott S. Segal, Jason P. Foster and The Segal Law Firm, and for his Complaint against Defendant Crounse Corporation ("Defendant"), states as follows:

### I. PARTIES

1. Plaintiff is, and at all relevant times has been, a resident of Huntington, West Virginia.

2. At relevant times, Plaintiff was employed by Defendant as a mate aboard certain vessels owned and operated by Defendant and therefore elects to take advantage of the provisions of 28 U.S.C. § 1916 to proceed without prepayment of costs or fees.

3. Defendant is, and at all relevant times has been, a corporation organized and existing under the laws of the State of Kentucky, with its principal place of business located in Paducah, Kentucky.

4. At all relevant times, Defendant conducted business in inland water transportation of freight and other goods and materials.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as Plaintiff's claims arise under 46 U.S.C. § 30104, *et seq*. (the "Jones Act").

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) as a substantial part of the events and/or omissions giving rise to the claim occurred in Parkersburg, West Virginia, located in Wood County.

## III. FACTS

7. At all relevant times, Plaintiff was employed by Defendant as a "seaman" subject to the Jones Act.

8. Plaintiff's job with Defendant required, among other things, that he "do the ship's work." Specifically, Plaintiff was a mate. In that capacity, he was required to perform various tasking including making and breaking tow, picking up and dropping off barges, locking, pumping operations and general maintenance. Plaintiff's duties as a mate directly contributed to the accomplishment of the maritime transportation missions of the vessels to which he was assigned.

9. Plaintiff spent nearly one-hundred percent of his employment time working for Defendant on vessels in navigable waters.

10. On or about January 29, 2023, Plaintiff was working on a vessel owned and operated by Defendant (the "Vessel").

11. As part of the scheduled work, the vessel was tasked with towing barges moored in the Ohio River, near Parkersburg, West Virginia, to a new location.

12. The Vessel approached a moored barge and the captain directed Plaintiff to lash the barge to the Vessel to be towed to its new location.

13. As the Vessel came alongside the barge, Plaintiff disembarked from the Vessel and boarded the barge.

14. The Vessel laid to astern of the barge while Plaintiff began the work of lashing the barge to the Vessel.

15. Plaintiff was in the process of placing the eye of a slackened steel tow cable around a bollard on the barge.

16. The other end of the steel cable was made fast to the Vessel.

17. Suddenly and without warning, the Vessel began backing away from the barge under power and not as a result of the current.

18. As the Vessel was backing away from the barge, the steel cable nearly instantaneously became taut, trapping Plaintiff's right hand between the steel cable and the bollard on the barge.

19. As a result of this incident, Plaintiff suffered severe and permanent injuries to his right hand including the partial amputations and deep lacerations to his fingers.

## **COUNT I – NEGLIGENCE**

23. Plaintiff adopts and realleges all of the preceding paragraphs, as if repeated herein verbatim.

24. Defendant owed Plaintiff a duty to affirmatively provide Plaintiff with proper, sufficent and ample notice prior to changing the position of the Vessel while Plaintiff lashed the Vessel to the Barge.

25. Defendant owed Plaintiff a duty to refrain from taking any action that could foreseeably cause injury to Plaintiff.

26. Defendant breached this duty when the captain of the Vessel engaged the Vessel's engine and began backing away from the barge, while Defendant knew that Plaintiff was lashing the barge to the Vessel, without giving Plaintiff any warning or notice.

27. As a direct and proximate result of the breaches alleged above, Plaintiff suffered severe and permanent injuries to his right hand.

## COUNT II – MAINTENANCE AND CURE

28. The Plaintiff adopts and realleges all of the preceding paragraphs, as if repeated herein verbatim.

29. The Plaintiff is entitled to and hereby demands maintenance and cure for his injuries, to which he is entitled by law.

## COUNT III - DAMAGES

30. As a direct result of the Defendant's conduct as set out in Counts I and II, the Plaintiff was caused to suffer severe and permanent physical injuries, which have resulted in him incurring medical bills, suffering great pain, mental anguish and inconvenience and being unable to work at his calling, being unable to handle his day-to-day affairs, and generally being unable to do anything in the same manner in which he did it before the incident.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For general damages in excess of the jurisdictional limits of this Court;

2. For special damages according to proof;

3. For maintenance and cure;

4. For punitive damages;

5. For attorneys' fees;

6. For prejudgment interest in accordance with the admiralty law;

7. For costs of suit; and

8. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

**JACKSON A. GRISWOLD,**

**Plaintiff,**

**By Counsel:**


*/s/Jason P. Foster*
Scott S. Segal (WV Bar I.D. #4717)
Jason P. Foster (WV Bar. I.D. #10593)
**THE SEGAL LAW FIRM**
**A Legal Corporation**
810 Kanawha Boulevard, East
Charleston, West Virginia 25301
Telephone: (304) 344-9100
Facsimile: (304) 344-9105
scott.segal@segal-law.com
jason.foster@segal-law.com